**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MATTHEW ALLEN LAWTON, | No. 1:21-CV-00175

Petitioner, | (Chief Judge Brann)

v.

KATHY BRITTAIN,[1]

Respondent.

**MEMORANDUM OPINION**

**OCTOBER 6, 2022**

Petitioner Matthew Allen Lawton is currently serving a sentence of 20 to 40 years' incarceration for child rape and other related offenses.  He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his 2012 state-court convictions and sentence.  Because Lawton has plainly failed to meet the time limitations for federal habeas review, the Court will dismiss his petition.

I.  **BACKGROUND**

In April 2012, following a jury trial, Lawton was convicted of multiple counts of rape of a child, involuntary deviate sexual intercourse with a child,

---

[1] In the instant habeas petition, the respondent is identified as "Superintendent Ms. Braint."  *See* Doc. 1 at 1.  As Respondent explains, Kathy Brittain is the proper respondent, as she is the superintendent of SCI Frackville, where Petitioner is incarcerated.  *See* Doc. 22 at 1. Accordingly, the Court will substitute Brittain as the correct respondent.  *See Barry v. Bergen Cnty. Probation Dep't*, 128 F.3d 152, 162 (3d Cir. 1997) (citing *Braden v. 30th Jud. Cir. Crt. of Ky.*, 410 U.S. 484, 494-95 (1973)); 28 U.S.C. § 2254 Rule 2(a); *see also* 28 U.S.C. § 2242.

aggravated indecent assault of a child, indecent assault of a person less than 13 years of age, and corruption of minors.[2]  He was sentenced to 20 to 40 years' imprisonment by the Court of Common Pleas of Potter County, Pennsylvania.[3]

Lawton appealed, and the Superior Court of Pennsylvania affirmed his judgment of sentence on February 21, 2014.[4]  The Supreme Court of Pennsylvania denied Lawton's petition for allowance of appeal on August 26, 2014.[5]  It does not appear that Lawton filed a petition for a writ of certiorari with the Supreme Court of the United States,[6] and thus his convictions and sentence became final on November 24, 2014, when the time for requesting such a writ expired.[7]

Lawton filed his first *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA)[8] on February 20, 2015.[9]  Lawton was appointed counsel, who filed two amended PCRA petitions.[10]  In August 2015, after holding an evidentiary hearing, the PCRA court denied Lawton's claims.[11]  Following some procedural

---

[2]  *Commonwealth v. Lawton*, No. 1574 WDA 2012, 2014 WL 10980044, at *1 (Pa. Super. Ct. Feb. 21, 2014) (nonprecedential).

[3]  *Id.* at *1.

[4]  *See id.* at *1, 3.

[5]  *Commonwealth v. Lawton*, No. 141 WAL 2014, 99 A.3d 76 (Pa. 2014) (table).

[6]  *See Commonwealth v. Lawton*, No. 770 WDA 2019, 2020 WL 1490855, at *1 (Pa. Super. Ct. Mar. 27, 2020) (nonprecedential).

[7]  *See* 28 U.S.C. § 2244(d)(1)(A); *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (citing *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)).

[8]  42 PA. CONS. STAT. § 9541 *et seq.* (Pennsylvania's corollary to federal habeas corpus relief).

[9]  *See Commonwealth v. Lawton*, No. 1635 WDA 2015, 2017 WL 3279399, at *1 (Pa. Super. Ct. Aug. 2, 2017) (nonprecedential).

[10]  *Id.*

[11]  *Id.*, at *2.

delays, the Superior Court affirmed the PCRA court on August 2, 2017.[12]  On

January 9, 2018, the Pennsylvania Supreme Court denied Lawton's petition for

allowance of appeal.[13]

Lawton, acting *pro se*, filed a second PCRA petition on February 1, 2018.[14]

The PCRA court eventually appointed counsel, who then filed a *Turner*/*Finley*[15]

no-merit letter opining that there were no arguable issues on which to seek post-

conviction relief.[16]  Lawton objected to his attorney's no-merit letter, but the

PCRA court granted counsel's request to withdraw and dismissed Lawton's second

PCRA petition as untimely.[17]  The Superior Court affirmed the PCRA court's

determination that Lawton's second petition was time-barred and failed to meet

any of the PCRA's statute-of-limitations exceptions.[18]  Once again, the

Pennsylvania Supreme Court denied Lawton's petition for allowance of appeal.[19]

Undeterred, Lawton filed a third *pro se* PCRA petition on January 19,

2021.[20]  In this petition, Lawton argued that a 2020 New York conviction of the

minor victim's father—for molesting his daughter (the victim)—satisfied the

---

[12]  *Id.*, at *5.
[13]  *Commonwealth v. Lawton*, No. 342 WAL 2017, 178 A.3d 734 (Pa. 2018) (table).
[14]  *Lawton*, No. 770 WDA 2019, 2020 WL 1490855, at *1.
[15]  *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc).
[16]  *Lawton*, No. 770 WDA 2019, 2020 WL 1490855, at *1.
[17]  *Id.*
[18]  *Id.*, at *2-4.
[19]  *Commonwealth v. Lawton*, No. 115 WAL 2020, 238 A.3d 342 (Pa. 2020) (table).
[20]  *Commonwealth v. Lawton*, No. 305 WDA 2021, 2021 WL 3015314, at *2 (Pa. Super. Ct. July 16, 2021) (nonprecedential).

"newly discovered fact exception" to the PCRA's one-year time limit found at 42 PA. CONS. STAT. § 9545(b)(1)(ii).[21]  The PCRA court dismissed the petition without an evidentiary hearing.[22]  On appeal, the Superior Court held that the 2020 molestation conviction of the victim's father satisfied the newly discovered evidence exception in Section 9545(b)(1)(ii),[23] but denied Lawton's new-evidence claim on the merits.[24]  The Pennsylvania Supreme Court denied Lawton's subsequent petition for allowance of appeal on January 4, 2022.[25]

On December 16, 2020, shortly before filing his third PCRA petition, Lawton filed the instant petition under 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania.[26]  The Western District transferred the case to this Court,[27] which stayed the case while Lawton pursued state post-conviction relief.[28]  In January 2022, the Court lifted the stay upon Lawton's request,[29] and Respondent filed a response to the Section 2254 petition two months later.[30]  Respondent contends that Lawton's Section 2254 statute of limitations has expired and that Lawton has failed to establish a basis for equitable

---

[21]   *Id.*, at *2-3.
[22]   *Id.*, at *2.
[23]   *Id.*, at *3.
[24]   *Id.*, at *4-5.
[25]   *Commonwealth v. Lawton*, No. 264 WAL 2021, 270 A.3d 1105 (Pa. 2022) (table).
[26]   Doc. 1.  Lawton's Section 2254 petition is undated, as is his cover letter, so the Court is unable to determine if an earlier filing date should apply under the prisoner mailbox rule.
[27]   *See* Doc. 11.
[28]   Doc. 14.
[29]   *See* Docs. 15, 16.
[30]   Doc. 22.

tolling.[31]  Respondent also challenges Lawton's claims on the merits.  Lawton filed a traverse several weeks later,[32] and his Section 2254 petition is now ripe for disposition.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.[33]  In most cases, and as relevant for Lawton's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[34]  The AEDPA expressly provides for tolling of this limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[35]

As explained above, Lawton's state convictions and sentence became final on November 24, 2014—the last day on which Lawton could seek certiorari from the United States Supreme Court.[36]  Eighty-eight days later, he timely filed his first PCRA petition, which began tolling the AEDPA's statute of limitations.[37]  That tolling ended on January 9, 2018, when the Supreme Court of Pennsylvania denied

---

[31]  *See id.*
[32]  Doc. 23.
[33]  *See* 28 U.S.C. § 2244(d)(1).
[34]  *Id.* § 2244(d)(1)(A).
[35]  *Id.* § 2244(d)(2) (emphasis added).
[36]  *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 268 (3d Cir. 2022).
[37]  *See* 28 U.S.C. § 2244(d)(2).

his petition for allowance of appeal.

Although Lawton filed a second PCRA petition on February 1, 2018, that filing did *not* toll his Section 2254 limitations period because it was not a "properly filed application for State post-conviction . . . review."[38]  Rather, the PCRA court dismissed this second petition as untimely, and that determination was upheld by the Superior Court.[39]  Such an untimely state post-conviction petition does not toll the AEDPA's statute of limitations.[40]

Thus, Lawton's one-year time limit to file a Section 2254 petition—for which 88 days had already elapsed prior to filing his first PCRA petition—continued to run even though he had filed a second PCRA petition.  Those remaining 277 days expired on October 15, 2018.[41]  Consequently, Lawton's federal habeas petition, which was filed in December 2020, is more than two years late and cannot be saved by statutory tolling under Section 2244(d)(2).  Lawton's federal petition, therefore, is time-barred unless he can establish some basis for

---

[38] *Id.*

[39] *See Lawton*, No. 770 WDA 2019, 2020 WL 1490855, at *1, 4.

[40] *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (holding that, because state court rejected PCRA petition as untimely, petitioner was "not entitled to statutory tolling under § 2244(d)(2)").  This Court further observes that time for seeking certiorari in the Supreme Court of the United States for denial of state post-conviction relief does not toll the AEDPA's statute of limitations.  *See Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007); *LaCava v. Kyler,* 398 F.3d 271, 274 (3d Cir. 2005).

[41] The final day of the remaining 277 days fell on Sunday, October 14, 2018.  However, under Federal Rule of Civil Procedure 6, if the last day of a time period falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  FED. R. CIV. P. 6(a)(1)(C).

equitable tolling.[42]

The AEDPA's statute of limitations is subject to equitable tolling.[43] Application of this doctrine, however, occurs "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.[44]  To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition.[45]  The diligence required is "reasonable diligence," not "maximum feasible diligence."[46]  Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted.[47]

Lawton has not made this difficult showing.  He appears to argue that the extraordinary circumstance that prohibited him from timely filing his Section 2254 petition was that his PCRA attorneys improperly ignored his arguments and raised different claims during the PCRA process.[48]  However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been

---

[42]  *See Martin*, 23 F.4th at 272.

[43]  *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)).

[44]  *Id.* (alteration in original) (quoting *LaCava*, 398 F.3d at 275) (citing *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)).

[45]  *Holland*, 560 U.S. at 649 (citation omitted).

[46]  *Id.* at 653 (citations omitted); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

[47]  *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

[48]  *See* Doc. 23 at 9-10.

found to rise to the 'extraordinary' circumstances required for equitable tolling."[49]

Furthermore, Lawton's reasoning does not explain why a protective federal habeas petition was not filed to preserve his AEDPA statute of limitations.[50]  As Respondent points out, that is exactly what Lawton did prior to filing his third *pro se* PCRA petition.  Moreover, a "lack of legal knowledge or legal training does not alone justify equitable tolling," even when a petitioner is incarcerated and proceeding *pro se*.[51]  Thus, even if Lawton can establish that he was diligently pursuing his rights, he has not shown that some extraordinary circumstance kept him from timely filing his federal habeas petition.

Finally, the Court notes that although Lawton's third PCRA petition was deemed timely under state law and then rejected on the merits, he has not raised the new-evidence claim from that third petition in his Section 2254 proceedings. Even if he had, it would not warrant relief.  Lawton's main argument was that the evidence would have impeached and discredited the Commonwealth's witnesses, but the Superior Court found that any such impeachment would not have

---

[49]  *LaCava*, 398 F.3d at 276 (alteration omitted) (quoting *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)).

[50]  *See Pace*, 544 U.S. at 416-17 (explaining that prisoners can avoid predicament of expiration of AEDPA's statute of limitations while pursuing state remedies—where a state post-conviction petition may be deemed untimely and thus not properly filed—by simply "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted" (citation omitted)).

[51]  *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (citation omitted); *see also Martin*, 23 F.4th at 273 (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.")).

compelled a different verdict.[52]  The Superior Court's rejection of this new-evidence claim was not an unreasonable application of federal law.[53]

In sum, Lawton's federal habeas petition is barred by the AEDPA's statute of limitations.  He also has not established a basis for statutory or equitable tolling of that limitations period, so his Section 2254 petition must be dismissed.

## III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Lawton's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Lawton has failed to make a substantial showing of

---

[52]   *Lawton*, No. 305 WDA 2021, 2021 WL 3015314, at *4-5 & n.5.

[53]   Because Lawton has not raised or developed this claim, it is not clear what type of claim he asserted in state court.  The closest analogue appears to be a freestanding (or substantive) actual-innocence claim.  *See Reeves v. Fayette SCI*, 897 F.3d 154, 160 n.4 (3d Cir. 2018) (explaining difference between gateway (or procedural) actual-innocence claims and freestanding (or substantive) actual-innocence claims).  To the extent that Lawton asserted a substantive actual-innocence claim in state court, and assuming that such claims are cognizable, *see id.* (noting that United States Supreme Court has not definitively resolved whether freestanding actual-innocence claims can be raised), the Superior Court's analysis was not an unreasonable application of federal law.  The standard for demonstrating substantive actual-innocence is "extraordinarily high," and demands a showing even greater than gateway actual-innocence claims.  *Id.*  A gateway actual-innocence claim requires a demonstration of innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).  Lawton's new evidence of the victim's father's molestation conviction does not satisfy even the lower threshold of gateway actual innocence because it does not "show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 160 (internal quotation marks omitted) (quoting *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010)).  As the PCRA court observed, it is entirely possible that the unfortunate minor victim was sexually assaulted by more than one assailant.  *Lawton*, No. 305 WDA 2021, 2021 WL 3015314, at *4.  Thus, although the new evidence of the father's sexual assault of the victim would be potent impeachment evidence regarding inter-family sexual abuse, it does not establish "that it is more likely than not that no reasonable juror would have convicted" Lawton of his offenses.  *Reeves*, 897 F.3d at 160.

the denial of a constitutional right,[54] or that "jurists of reason would find it

debatable" whether this Court's procedural ruling is correct.[55]  An appropriate

Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[54]   28 U.S.C. § 2253(c)(2).
[55]   _Slack v. McDaniel_, 529 U.S. 473, 484 (2000).